IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-412-FL

| | |
|---|---|
| KEITH A. LEWIS, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE ## 11, 13) pursuant to Fed. R. Civ. P. 12(c) and plaintiff's timely objections to the memorandum and recommendations ("M&R") entered by United States Magistrate Judge William A. Webb. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules plaintiff's objections to the M&R and adopts the findings of the magistrate judge upholding defendant's decision denying benefits.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and disability insurance benefits on December 2, 2004, claiming disability beginning October 24, 2003. (R. 16, 64-67.) Plaintiff's claim was denied initially and again upon reconsideration. (R. 16, 29, 30.) Plaintiff then requested and received a hearing before an administrative law judge ("ALJ"), which was held on April 19, 2007, in Fayetteville, North Carolina, and at which plaintiff was not represented by counsel. (R. 16, 44.) Thereafter, the ALJ issued a decision on July 26, 2007, in which he found plaintiff not disabled

under the Social Security Act. (R. 16-23.) Plaintiff then obtained counsel and sought review of the ALJ's decision. (R. 11-12.) The Appeals Council denied plaintiff's request for review on June 23, 2008. (R. 5.)

Plaintiff initiated the instant action seeking judicial review of defendant's decision by complaint dated August 22, 2008. (DE # 1.) Plaintiff filed his motion for judgment on the pleadings on March 2, 2009, and defendant filed his cross-motion for judgment on the pleadings on May 1, 2009. (DE ## 11, 13.) The United States Magistrate Judge entered an M&R on June 4, 2009, in which he recommended this court grant defendant's motion for judgment on the pleadings and deny plaintiff's motion. (DE # 15.) Plaintiff filed objections to the M&R on June 22, 2009. The time for response to plaintiff's objections has now passed and the issues raised therein are now ripe for ruling.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing the final decision of defendant is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing a plaintiff's objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff details two lines of argument in his objections to the M&R regarding the ALJ's assessment of his residual functional capacity ("RFC"). First, plaintiff renews his contention that the ALJ failed to adequately explain or support his reasons for concluding plaintiff retained a light RFC. Second, plaintiff contends that the ALJ failed to adequately explain how plaintiff could work at the light exertional level when the ALJ credited greatly a doctor's opinion that plaintiff's ability to sit, stand, and lift was moderately impaired and his ability to move about was mildly impaired.

At the outset, the court notes that though plaintiff's objections are ostensibly framed as objections to the magistrate judge's findings and recommendation in the M&R, they are in reality objections to the ALJ's findings. Plaintiff does not address any purported errors that the magistrate judge made in the M&R, but rather recites reasons he believes the ALJ erred in denying his claim. Plaintiff's line of argument regarding the alleged inconsistency between the ALJ's finding that plaintiff has an RFC for work at the light exertional level and his moderate impairments in sitting, standing and lifting appears to be a new line of argument that was not presented to the magistrate judge.[1] The other line of argument, which was before the magistrate judge, regarding the ALJ's

---

[1] There is authority for the proposition that issues and arguments presented in objections to a magistrate judge's findings that were not initially raised before the magistrate judge should not be considered by a district court. See Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 10 (1st Cir. 2000); Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 135, 141 (D.N.J. 1998); Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship, 784 F. Supp. 1223, 1228 (E.D. Va. 1991). However, the Fourth Circuit has explicitly held that a district court must review any argument raised by a party seeking review of a magistrate judge's recommendation, regardless of whether the party made that argument before the magistrate judge. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992). Accordingly, the court will consider all of plaintiff's arguments in its *de novo* review of plaintiff's objections.

3

alleged error in explaining his assessment of plaintiff's RFC was addressed by the magistrate judge in the M&R.

Specifically in this latter line of argument, plaintiff contends that the ALJ improperly assessed his residual functional capacity ("RFC") by "adopt[ing] boilerplate language for a light RFC," and by making "a conclusory finding" without explaining how the evidence supported such finding, in violation of Social Security Ruling ("SSR") 96-8p. (Pl.'s Objs. 1.) The court finds that the magistrate judge adequately addressed this contention in the M&R. (See M&R 11-12.) The magistrate judge found that plaintiff's assertion that the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion" was "simply inaccurate" because the ALJ engaged in a lengthy discussion of the evidence that supported his conclusion. (M&R 11.) The court agrees with the magistrate judge. The ALJ discussed the evidence supporting his conclusion at length in his opinion. (R. 18-22.) His discussion of the evidence was sufficient to satisfy the "narrative discussion requirements" set out in SSR 96-8p. See SSR 96-8p, 1996 SSR LEXIS 5, *18-22, 1996 WL 374184, *7 (SSR 1996). Accordingly, plaintiff's objection on this ground is overruled.

Plaintiff's other grounds for objection presents a new critique of the ALJ's findings. Specifically, plaintiff objects to the ALJ's treatment of the opinion of one of the consulting physicians, Dr. Godfrey Fondinka, whose opinion the ALJ accorded significant weight. Plaintiff correctly asserts that Dr. Fondinka's opinion includes observations of symptoms indicating plaintiff has difficulty in performing a some basic tasks and the doctor's conclusion that plaintiff's ability to sit, stand, and lift was moderately impaired and his ability to move about was mildly impaired. (R. 241-44.) Plaintiff argues such impairments are inconsistent with a light RFC and the ALJ failed to explain how he could both credit Dr. Fondinka's findings and still find that plaintiff could perform

4

work at the light exertional level.

The ALJ found that Dr. Fondinka's "detailed report" and examination were "thorough and consistent with the evidence of record." (R. 21.) Consequently, the ALJ gave Dr. Fondinka's findings "considerable weight." (Id.) Nonetheless, the ALJ went on to find that plaintiff

> is able to perform work at the light exertional level. Light work involves lifting and/or carrying objects weighing up to 10 pounds on a frequent basis and up to 20 pounds on an occasional basis; standing and/or walking up to 6 hours in an eight hour workday, and sitting (with normal breaks) for a total of up to six hours per eight-hour work day.

(R. 21-22.) The ALJ continued by noting that "[a] residual functional capacity for light work activity is consistent with the residual functional capacity found by the State Agency." (R. 21.) The State Agency assessment referred to by the ALJ here was a "Physical Residual Functional Capacity Assessment" that concluded plaintiff was "limited to light work with occasional stooping." (R. 248-55.)

> "Light work" is defined by the Social Security Administration as follows:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff contends that the definition of light work conflicts with the ALJ's decision to credit Dr. Fondinka's opinion that plaintiff is moderately impaired in his ability to sit, stand, and lift and mildly impaired in his ability to move about. Plaintiff, however, overlooks that the ALJ's RFC did not rest on a single piece of evidence before him. Indeed, the ALJ

5

would have been remiss had he based his determination only on Dr. Fondinka's opinion and ignored other medical evidence that he credited. See SSR 96-8p, 1996 SSR LEXIS 5, at *5-6, 1996 WL 374184, at *2 (stating RFC determination is "based on all of the relevant evidence in the case record"). The ALJ here properly based his determination of plaintiff's RFC "on all of the evidence available." (R. 21.) This evidence included the opinion of Dr. Fondinka, as well as the state agency RFC assessment and the opinion of Dr. Mark Pomerans, which the ALJ also substantially credited and found was "more consistent with the medical evidence of record" than the opinions of plaintiff's treating physician. (R. 20-22.) Dr. Pomerans, who also examined plaintiff, concluded that plaintiff "can perform all activities of normal living" and did not note any restrictions on plaintiff's ability to work. (R. 220-25.)

In determining plaintiff had an RFC for work at the light exertional level, the ALJ performed his duty to weigh the evidence, resolve conflicts in the evidence, make findings, and arrive at a conclusion. See Hays v. Sullivan, 907 F.2d 1453, 1455 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). The ALJ decided to credit several pieces of evidence, at least one of which was arguably in conflict with the other evidence and the ALJ's determination of plaintiff's RFC. To the degree that there was any such conflict between Dr. Fondinka's opinion and the other evidence credited by the ALJ, it was the ALJ's decision how to resolve that conflict. He did so by crediting the findings in the state agency RFC assessment with regard to plaintiff's RFC more than he did Dr. Fondinka's opinion. This court should "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). As long as the ALJ's

6

resolution of the conflict is ultimately supported by substantial evidence, this court should not disturb the ALJ's determination. Based on the evidence before it, this court cannot conclude that the ALJ incorrectly resolved the purported conflict in the evidence cited by plaintiff. As such, plaintiff's objection on this ground is overruled.

## CONCLUSION

For all of the foregoing reasons, the court OVERRULES plaintiff's objections to the M&R entered by the magistrate judge and ADOPTS the findings of the M&R as its own. Consequently, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's motion for judgment on the pleadings is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 14 day of August, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge